IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


KEVIN CURRY and CHRISTINE          )
CURRY, on behalf of                )
themselves and all others          )
similarly situated,                )
                                   )
            Plaintiffs,            )
                                   )
        v.                         )        1:22-cv-00697
                                   )
NOVANT HEALTH, INC.,               )
                                   )
            Defendant.             )
                                   )
*****************************
DAVID NOVAK, on behalf of          )
himself and all others            )
similarly situated,                )
                                   )
            Plaintiff,             )
                                   )
        v.                         )        1:22-cv-00700
                                   )
NOVANT HEALTH INC.,                )
                                   )
            Defendant.             )
                                   )
*****************************
KEITH VAN ALLEN, on behalf of      )
himself and all others            )
similarly situated,                )
                                   )
            Plaintiff,             )
                                   )
        v.                         )        1:22-cv-00709
                                   )
NOVANT HEALTH INC.,                )
                                   )
            Defendant.             )
                                   )
*****************************

```
NATALIE WELLS-REYES, on behalf   )
of herself and all others        )
similarly situated,              )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          1:22-cv-00799
                                 )
NOVANT HEALTH INC.,              )
                                 )
          Defendant.             )
```

## ORDER

In each of the above-captioned cases, the various individual Plaintiffs filed a class-action complaint naming Novant Health, Inc. as Defendant. Prior to the filing of an answer or response to the complaint by Defendant, Plaintiffs filed a motion to consolidate cases, (1:22-cv-00697 Doc. 13; 1:22-cv-00700 Doc. 5; 1:22-cv-00709 Doc. 5; 1:22-cv-00799 Doc. 4), and a motion to appoint interim co-counsel, (1:22-cv-00697 Doc. 15; 1:22-cv-00700 Doc. 7; 1:22-cv-00709 Doc. 8; 1:22-cv-00799 Doc. 6). In case number 1:22-cv-00697, Defendant filed a second motion to extend the time to answer. (Doc. 17.) This court finds the motions to consolidate and the motion for extension of time should be granted and the motion to appoint interim counsel should be denied without prejudice. This court will also establish a preliminary schedule for the filing of an amended complaint in the consolidated action and the filing of an answer.

- 2 -

## I.   Motions to Consolidate

Consolidation is governed by Federal Rule of
Civil Procedure 42(a), which provides that: "If
actions before the court involve a common question of
law or fact, the court may: (1) join for hearing or
trial any or all matters at issue in the actions; (2)
consolidate the actions; or (3) issue any other orders
to avoid unnecessary cost or delay." As [the Fourth
Circuit] has previously explained, proper application
of Rule 42(a) requires the district court to determine
"whether the specific risks of prejudice and possible
confusion" from consolidation "were overborne by the
risk of inconsistent adjudications . . ., the burden
on parties, witnesses, and available judicial
resources posed by multiple lawsuits, the length of
time required to conclude multiple suits as against a
single one, and the relative expense to all concerned
of the single-trial, multiple-trial alternatives."
Arnold, 681 F.2d at 193.

Campbell v. Boston Sci. Corp., 882 F.3d 70, 74 (4th Cir. 2018).

Each of the named Plaintiffs join in the motion to consolidate,

(see e.g. 1:22-cv-00799 Doc. 4), and Defendant consents to

consolidation, (see 1:22-cv-00697 Doc. 17 at 1)[1]. This court has

reviewed the complaints and finds the actions before this court

all involve common questions of law and fact. This court further

finds that to avoid unnecessary cost or delay, the actions

should be consolidated.

Plaintiffs' motions will be granted and these cases will be

consolidated into the first filed action, Curry, et al., v.

---

[1] All citations in this Order to documents filed with the
court refer to the page numbers located at the bottom right-hand
corner of the documents as they appear on CM/ECF.

- 3 -

Novant Health, Inc., Case No. 1:22-cv-00697 and entitled In re:

Novant Health, Inc. Plaintiffs shall file a consolidated

complaint within 30 days of entry of this order. (See 1:22-cv-

00697 Doc. 14 at 8.)

## II.   Plaintiffs' Motions to Appoint Interim Co-Lead Counsel under Fed. R. Civ. P. 23(g)(3)

Each of the plaintiffs in these consolidated cases moves

for appointment of Gary M. Klinger of Milberg Coleman Bryson

Phillips Grossman, PLLC and Bryan L. Bleichner of Chestnut

Cambronne PA as Interim Co-Lead Counsel. (See e.g. 1:22-cv-00697

Doc. 15.) Plaintiffs contend that "[d]esignating lead counsel

now ensures the protection of the interests of the Class in

making and responding to motions, conducting discovery, and

negotiating possible settlements." (See 1:22-cv-00697 Doc. 16 at

4.)

Rule 23(g)(3) does not require the appointment of interim

counsel, but instead provides that a "court may designate

interim counsel to act on behalf of a putative class before

determining whether to certify the action as a class action."

Fed. R. Civ. P. 23(g)(3). "The Advisory Committee notes indicate

that a court is authorized 'to designate interim counsel during

the pre-certification period if necessary to protect the

interests of the putative class,' and which may be appropriate

- 4 -

in cases of 'rivalry or uncertainty' amongst the relevant attorneys. <u>Mey v. Patriot Payment Grp., LLC</u>, No. 5:15-CV-27, 2016 WL 11501481, at *1 (N.D.W. Va. Jan. 5, 2016) (citing Fed. R. Civ. P. 23(g)(3) advisory committee's note to 2003 amendment; <u>see</u> <u>also</u> <u>Good v. Am. Water Works Co.</u>, 2014 U.S. Dist. LEXIS 75299, *17 (S.D.W. Va. 2014). "However, if the primary purpose of appointing Interim Class Counsel is to <u>protect</u> the putative class, it is axiomatic that the [c]ourt should not appoint Interim Class Counsel unless the [c]ourt is satisfied that the putative classes will actually be aided and protected by the appointment." <u>Neal v. Wal-Mart Stores, Inc.</u>, No. 3:17-CV-00022-KDB-DCK, 2019 WL 3407143, at *3 (W.D.N.C. July 26, 2019).

While the proposed interim co-lead counsel appear experienced and qualified, this court finds appointment of lead or co-lead counsel at this juncture premature. This court is not persuaded that the putative classes will actually be aided and protected by the appointment. First, the firm of Milberg Coleman Bryson Phillips Grossman, PLLC already appears on behalf of Plaintiffs in each of these cases, suggesting there is no rivalry, uncertainty, or other special need for interim protection of the Plaintiffs and putative class.

Furthermore, Defendant has not filed a response to the complaints. While a court "must determine by order whether to

- 5 -

certify the action as a class action," Fed. R. Civ. P. 23(c)(1)(A), the burden is "upon any party seeking to maintain a case as a class action to present an evidentiary basis to the Court showing that the action is properly maintainable as such." LR 23.1(d). Appointing an interim lead counsel pursuant to Rule 23(g)(3) appears premature at present considering the absence of any specific need and the current common representation.

This court therefore finds Plaintiffs' motion for appointment of interim co-lead counsel pursuant to Rule 23(g)(3) should be denied.

### III. <u>Consent Motion for Further Extension of Time</u>

After careful review and for good cause shown, this court finds the motion for extension of time, (1:22-cv-00697 Doc. 17), should be granted. The time for responding to the complaints in each of these individual actions is hereby extended as follows: the time within which Defendant must answer or otherwise respond to Plaintiff's complaints is extended to and including 21 days after being served with the Amended Consolidated Complaint. <u>See</u> Fed. R. Civ. P. 12(a)(1)(A)(i).

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiffs' motions to consolidate cases, (1:22-cv-00697 Doc. 13; 1:22-cv-00700 Doc. 5; 1:22-cv-00709 Doc. 5; 1:22-cv-00799 Doc. 4), are **GRANTED** and these cases

- 6 -

are hereby consolidated into the first filed action, <u>Curry, et al., v. Novant Health, Inc.</u>, Case No. 1:22-cv-00697 and entitled In re: Novant Health, Inc.

**IT IS FURTHER ORDERED** that Plaintiffs shall file, within 30 days of the entry of this order, an Amended Consolidated Complaint.

**IT IS FURTHER ORDERED** that Plaintiffs' motions to appoint interim co-counsel, (1:22-cv-00697 Doc. 15; 1:22-cv-00700 Doc. 7; 1:22-cv-00709 Doc. 8; 1:22-cv-00799 Doc. 6), are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for extension of time, (1:22-cv-00697 Doc. 17), is **GRANTED** and Defendant's time to answer or otherwise respond to the complaints filed in each of these cases is extended to a time period 21 days following the filing of the Amended Consolidated Complaint.

The Clerk is directed to modify the caption of case number 1:22-cv-00697 in accordance with the terms of this Order.

This the 19th day of October, 2022.

_____
United States District Judge